IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA La RIVA; | : |
| CLAIRE COOK; | : Civil Action No. |
| NICOLE ROUSSELL; | : |
| SEAN BLACKMON, | : |
|     Plaintiffs, | : |
| v. | : |
| DISTRICT OF COLUMBIA BOARD OF ELECTIONS, | : |
|     Defendant. | : |

# **COMPLAINT**

# **INTRODUCTION**

Independent and minor party candidates in the District of Columbia are required to file ballot access petitions with a set number of signatures in order to obtain access to the general election ballot in any election. *See generally*, D.C. Official Code §§1001.08; 1-123.

On May 13, 2020, in recognition of the impact of the COVID-19 pandemic in a variety of essential areas, including ballot access related issues, the District of Columbia passed emergency legislation.

Among the emergency amendments enacted was legislation that dramatically lowered the ballot access signature requirements for every local and national elective office in the District of Columbia, except for the office of United States President. *See*, § 21(a) of the Coronavirus Omnibus Emergency Amendment Act of 2020 (May 13, 2020, D.C. Act 23-317, 67 DCR 5235); §21, 67

D.C. Reg. 5235 (Ballot Access reform); *see also*,

https://www.dcboe.org/dcboe/media/PDFFiles/Candidate-Guide-to-Ballot-Access-2020-Rev-6_2020.pdf.

Keeping the ballot access signature requirement for the office of United States President at 1% of all registered voters, a figure currently that requires approximately 5007 signatures, within the very narrow window D.C. during which D.C. law permits ballot access signatures to be gathered, and under the current COVID-19 pandemic conditions, violates the Plaintiffs First and Fourteenth Amendment rights. Lowering the signature requirement for all offices except for United States President violates the Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment as well.

Plaintiffs seek a declaratory judgment finding the current signature requirement unconstitutional on its face and as applied to the Plaintiffs, with respect to both the absolute number of signatures required and based on the singling out of the office of United States President as the only election race for which the signature requirement was not lowered.

Plaintiffs also seek preliminary and permanent injunctive requiring the Defendant to put Plaintiff, Gloria La Riva, on the ballot in the District of Columbia for the office of United States President in the 2020 general election, provided that Plaintiffs file a ballot access petition with 250 or more valid signatures, supporting Ms. La Riva's placement on that ballot.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question). Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff also seeks relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

*2.* This Court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Gloria La Riva is a resident-citizen of California. She is a candidate for the office of President of the United States and wishes to appear as such on the general election ballot in the District of Columbia for the 2020 election. She meets all legal qualifications required to run for and serve as the President of the United States. She ran as a candidate for United States President in 2008, receiving the 10th highest vote total among all presidential candidates. In 2016, she appeared as a candidate for President of the United States on the ballot in California, New Jersey, New Mexico, Colorado, Louisiana, Washington, Utah, and Vermont and finished 7th nationally among 35 presidential candidates, receiving more votes than any other socialist candidate in 40 years. For the 2020 general election, she will appear on the general election in the race for United States President in at least New Mexico, California, Vermont, Illinois, Louisiana, Colorado, Tennessee, New Jersey, and anticipates being on the ballot in Arkansas and Utah and perhaps other states with ongoing ballot access petitioning as well.

4. Plaintiff Claire Cook is a resident-citizen of the District of Columbia ("D.C."). She is registered to vote in D.C. and meets all qualifications to serve as a presidential elector consistent with D.C. law, and wants to so serve. She wishes to support the efforts of Gloria La Riva to gain access to the ballot in D.C. for the office of United States President, as well as her candidacy for that office. She supports the political message Ms. La Riva wishes to express, as an alternative to other political candidates on the presidential ballot.

5. Plaintiff Nicole Roussell is a resident-citizen of the District of Columbia ("D.C."). She is registered to vote in D.C. and meets all qualifications to serve as a presidential elector consistent with D.C. law, and wants to so serve. She wishes to support the efforts of Gloria La Riva to gain access to the ballot in D.C. for the office of United States President, as well as her candidacy for that office. She supports the political message Ms. La Riva wishes to express, as an alternative to other political candidates on the presidential ballot.

6. Plaintiff Sean Blackmon is a resident-citizen of the District of Columbia ("D.C."). He is registered to vote in D.C. and meets all qualifications to serve as a presidential elector consistent with D.C. law, and wants to so serve. He wishes to support the efforts of Gloria La Riva to gain access to the ballot in D.C. for the office of United States President, as well as her candidacy for that office. He supports the political message Ms. La Riva wishes to express, as an alternative to other political candidates on the presidential ballot.

7. Defendant District of Columbia Board of Elections ("DCBOE") is the

independent agency of the District government responsible for the administration of elections, ballot access, and voter registration. The Board's mission, according to its website, is to enfranchise eligible residents, conduct elections, and assure the integrity of the electoral process. https://dcboe.org/.

## FACTS

8. In order to gain access to the general election ballot in D.C. for local and national elective office, independent and minor party candidates must, among other requirements, submit a ballot access petition, on a form obtained from the DCBOE, with the signatures of registered D.C. voters equal to a number established by the D.C. government and set by law. *See e.g.,* D.C. Official Code §1-1001.08.

9. The DCBOE recommends that independent and minor party candidates actually obtain twice as many signatures as the law requires for any given elective office in order to survive the validation process required after the petition is submitted.

10. Independent and minor party candidates are only permitted under D.C. law to collect ballot access signatures for the current election cycle in a very narrow window between June 12, 2020 and August 5, 2020.

https://dcboe.org/dcboe/media/PDFFiles/Updated-110320-GE-Election-Calendar-051220.pdf

11. On May 13, 2020, in recognition of the tremendous upheaval caused by the ongoing COVID-19 pandemic, the D.C. government passed emergency legislation

addressing a number of vitally important areas of life impacted by the pandemic. https://code.dccouncil.us/dc/council/acts/23-317.html; 67 D.C. Reg. 5235 (May 13, 2020).

12. In the area of ballot access, the D.C. Government very responsibly took a number of steps, including dramatically lowering the number of signatures required for independent and minor party candidates' ballot access petitions for the 2020 election. *Id*. at §21.

13. Inexplicably, however, in this emergency legislation, the D.C. government lowered the signature requirements for ballot access petitions for every single elective office except for independent and minor party candidates seeking to obtain ballot access for the office of United States President.

14. Keeping the normal signature requirement for the office of United States President and singling out that office in this regard under the current COVID-19 pandemic imposes a severe and, indeed, impossible burden on independent and minor candidates for President seeking ballot access in D.C. for the 2020 general election and violates the First and Fourteenth Amendment rights of the Plaintiffs and others who wish to have Ms. La Riva on the ballot and to have her political views reflected on the ballot and who wish to show their support for her by having her on the ballot and voting for her.

15. As of June 30, 2020, the most recent date on which official figures were compiled and reported by the DCBOE, there were 500,675 registered voters in D.C.

https://www.dcboe.org/CMSPages/GetFile.aspx?guid=db8f5e50-9484-432c-9b74-01f9a8f0858e

16. The May 13, 2020 emergency COVID-19 related legislation referred to above lowered the ballot access signature requirements for the 2020 general election ballot in D.C. as follows:

    A. **Delegate to the U.S. House of Representatives** – Reduced signatures from 1.5% of all registered voters or 3,000, whichever is less, to **250 signatures.** [D.C. Official Code § 1-1001.08(j)(4)(A)].

    B. **At-large Member of the Council** - Reduced signatures from 1.5% of all registered voters or 3,000, whichever is less, to **250 signatures**. [D.C. Official Code § 1-1001.08(j)(4)(A)].

    C. **U.S. Senator** - Reduced signatures from 1.5% of all registered voters or 3,000, whichever is less, to **250 signatures**. [D.C. Official Code §§ 1-123(d)(2), 1-1001.08(j)(4)(A)].

    D. **U.S. Representative** - Reduced signatures from 1.5% of all registered voters or 3,000, whichever is less, to **250 signatures**. [D.C. Official Code §§ 1-123(d)(2), 1-1001.08(j)(1)(B)].

    E. Other local elective offices have had signature requirements adjusted to even lower levels due to the COVID-19 pandemic.

https://dcboe.org/dcboe/media/PDFFiles/Updated-110320-GE-Election-Calendar-051220.pdf.

17. All District of Columbia-wide elective offices and all national elective

offices, except for the office of President of the United States, had their ballot access signature requirements lowered through the May 13, 2020 emergency legislation such that the highest number of signatures required for access to the ballot for any such office, including for U.S. Senate or U.S. House, is 250 signatures.

18. However, to gain ballot access for the office of President of the United States, an independent or minor party candidate still has to obtain the same number of signatures as in every other election - 1% of the number of qualified registered D.C. voters, at least 5067 signatures - and, as recommended by the DCBOE staff, an independent or minor party candidate really would need to obtain 10,034 signatures to be safe. D.C. Official Code §1-1001.08(f).

19. All of the same COVID-19 risks and problems that led the D.C. government to responsibly and appropriately lower the ballot access signature requirements for all other elective offices in D.C. apply to at least the same degree as for the office of President of the United States.

20. The 1% signature requirement, with all signatures permitted to be gathered only between June 12, 2020 and August 5, 2020 constitutes a severe, indeed, impossible burden on the First and Fourteenth Amendment rights of the Plaintiffs and is not and cannot be justified by any legitimate state (D.C.) interest.

21. The severe burden imposed requires strict scrutiny review of the signature requirement, as to the absolute number required within the time frame provided and as to the baseless disparity between the number required for the

office of President of the United States and all other elective office on the ballot in 2020 in D.C.

22. A compelling state interest would be required to justify this severe burden which discriminates exclusively against candidates and voters in relation to the Presidential race and there is no such compelling state interest. There is not even any legitimate rationally-related state interest to justify it.

23. There is no constitutionally justifiable basis for imposing this extraordinarily more burdensome signature requirement on a Presidential candidate. As the United States Supreme Court has written, "... [I]n the context of a Presidential election, state-imposed restrictions implicate a uniquely important national interest. For the President and the Vice President of the United States are the only elected officials who represent all the voters in the Nation. Moreover, the impact of the votes cast in each State is affected by the votes cast for the various candidates in other States. Thus in a Presidential election a State's enforcement of more stringent ballot access requirements, ... has an impact beyond its own borders. Similarly, the State has a less important interest in regulating Presidential elections than statewide or local elections, because the outcome of the former will be largely determined by voters beyond the State's boundaries." *Anderson v. Celebrezze*, 460 U.S. 780, 794-795 (1983).

24. As recognized by the May 13, 2020 emergency legislation, the COVID-19 pandemic creates all sorts of overwhelming barriers to gathering ballot access signatures. Those barriers with respect to the signature requirement for

independent and minor party candidates for the 2020 Presidential race absolutely violate the Plaintiffs' First and Fourteenth Amendment rights.

25. Plaintiffs have taken all necessary steps to timely organize a ballot access signature campaign to get Ms. La Riva on the D.C. ballot for the office of United States President and believe they can obtain the ballot access signatures of 250 qualified registered voters before August 5, 2020 and otherwise qualify for placement on the 2020 D.C. general election ballot for that office; however, it would be impossible under the current COVID-19 pandemic conditions to obtain 5067 qualifying signatures and Plaintiffs have recognized this as a futile endeavor.

26. Defendant has acted and will act at all times with respect to the issues in this case under color of state law and the First and Fourteenth Amendment rights of the Plaintiffs under the United States Constitution at issue have at all relevant times been clearly established.

27. Plaintiffs' rights to cast their vote for the candidate of their choice, to freely associate and express their political views as citizens and voters of the District of Columbia and the United States, and Ms. La Riva's right to run as a candidate, all guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution are violated by the current ballot access signature requirements for the office of President of the United States with respect to the 2020 election in D.C.

28. Plaintiffs' right to the Equal Protection of the law, guaranteed under the Fourteenth Amendment to the United States Constitution are violated by the

imposition of the severe burden of the 1% signature requirement for independent and minor party candidates for the office of President of the United States, while the signature requirements for all other local and national elective offices on the D.C. ballot have been dramatically reduced to a maximum of 250 signatures for national office.

29. Unless the Defendant is enjoined from enforcing the current ballot access signature requirement for the office of President of the United States and unless the same is reduced to no more than the 250 maximum level applied to the other national elective office races in D.C., Plaintiffs' First and Fourteenth Amendment rights will be irretrievably denied. Plaintiffs are suffering and will continue to suffer irreparable harm unless the relief respectfully requested herein is granted immediately.

30. In recognition of the obstacles and hardship imposed by the current COVID-19 pandemic, other states also have dramatically reduced their ballot access signature requirements for all elective office races in the November 2020 general election and others have been ordered to do so by courts around the country. Upon information and belief, no other jurisdiction has lowered the signature requirements for all races other than for the office of President of the United States, nor has any court countenanced such a circumstance singling out that office for a more severe burden.

## **CAUSE OF ACTION (42 U.S.C. § 1983)**

31. The 1% ballot access signature requirement imposed by the District of Columbia under D.C. Official Code §1-1001.08(f), considered together with the other ballot access requirements under D.C. law for independent and minor party candidates to gain access to the 2020 general election ballot for the office of President of the United States on its face and applied to these Plaintiffs violate Plaintiffs' rights to free speech and association guaranteed to them by the First and Fourteenth Amendments to the United States Constitution.

32. The 1% ballot access signature requirement imposed by the District of Columbia under D.C. Official Code §1-1001.08(f), considered together with the other ballot access requirements under D.C. law for independent and minor party candidates to gain access to the 2020 general election ballot for the office of President of the United States on its face and applied to these Plaintiffs violate Plaintiffs' right to cast their votes effectively and to advance their political beliefs as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

33. The 1% ballot access signature requirement imposed by the District of Columbia under D.C. Official Code §1-1001.08(f), considered together with the other ballot access requirements under D.C. law for independent and minor party candidates to gain access to the 2020 general election ballot for the office of President of the United States on its face and applied to these Plaintiffs violate Plaintiffs' rights to Equal Protection of the laws guaranteed under the Fourteenth

Amendment to the United States Constitution.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Enter a judgment declaring the District of Columbia ballot access signature requirements for independent and minor party candidates for the office President of the United States, codified at D.C. Official Code §1-1001.08(f), under the current COVID-19 pandemic, and in combination with the other applicable ballot access requirements, including, but not limited to the narrow window time frame for obtaining ballot access signatures, to violate the First and Fourteenth Amendments to the United States Constitution and to be otherwise unconstitutional facially and as applied to these Plaintiffs for the 2020 general election;

2. Issue a preliminary and permanent injunction prohibiting the Defendant, its agents, employees, and other persons in concert with it from enforcing the D.C. statute at issue to prevent Plaintiff La Riva from gaining access to the D.C. ballot for the office of President of the United States in the 2020 general election;

3. Issue an Order directing the Defendant to require no more than 250 valid qualified ballot access signatures for Plaintiff La Riva or any independent or minor party candidate to be placed on the D.C. ballot for the office of President of the United States for the 2020 general election and requiring the Defendant to certify Mr. La Riva as an independent candidate for the office of President of the

United States and to place her name on the 2020 general election ballot in D.C. if a ballot access petition is duly filed supporting her access to the ballot with 250 valid qualifying signatures.

4.  Give this case expedited treatment on this Honorable Court's docket to permit Plaintiffs to effectively campaign and to permit Plaintiff La Riva to actively participate as an independent candidate in the Special Election;

5.  Award Plaintiffs reasonable attorney's fees and costs of this action;

6.  Grant Plaintiffs such other and further relief as this Court deems just and equitable.

                          Respectfully Submitted.

                          /s/ David I. Schoen
                          Counsel for Plaintiffs
                          (D.C. Bar No. 391408)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone:  334-395-6611
Facsimile: 917-591-7586
E-Mail: Dschoen593@aol.com
        Schoenlawfirm@gmail.com